UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
UNIVERSAL ENTERTAINMENT CORP., et al., :
                            Plaintiffs,    :
:          23 Civ. 2250 (LGS)
                -against-        :
:          <u>ORDER</u>
ALEXANDER EISEMAN, et al.,    :
                            Defendants.  :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on March 15, 2023, the Hon. Paul A. Crotty, in his capacity as Part 1 Judge, issued an order allowing Plaintiffs to file this action under seal. That order stated that sealing would expire within 14 days of service of process on Defendants. On March 27, 2023, Plaintiffs filed summonses returned executed on the named Defendants.

      WHEREAS, on March 16, 2023, this action was assigned to the undersigned. An order issued on March 28, 2023, directed the parties to file letter motions regarding further sealing. Plaintiffs' letter states that Plaintiffs had no interest in sealing and requested that the action proceed publicly. Defendants' letter requests that certain pieces of financial information contained in the Complaint and the attached exhibits remain under seal.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (internal quotation marks omitted). The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.* (internal quotation marks omitted).  The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted).  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* (internal quotation marks omitted).

WHEREAS, the Complaint and its exhibits are judicial documents.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." (internal quotation marks omitted)).  The presumption of public access is particularly strong for these documents.  *See id.* at 142 ("[W]e easily determine that the weight of the presumption here is strong.  Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power.").

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (internal quotation marks omitted). However, "[v]ague and conclusory allegations of potential harm are insufficient to establish good cause." *Saks Inc. v. Attachmate Corp.*, No. 14 Civ. 4902, 2015 WL 1841136, at *17 (S.D.N.Y. Apr. 17, 2015).  The fact that parties to a contract deem that contract confidential does not, in and of itself, rebut a presumption of public access.  *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168-69 (S.D.N.Y.

2018) ("Courts in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents.") (collecting cases).  It is hereby

**ORDERED** that the motion for further sealing is **DENIED**.  Defendants' letter and the Declaration of Alexander Eiseman offered in support of further sealing provide only conclusory statements of potential competitive harm.  These are insufficient to rebut the strong presumption of public access that applies to the Complaint and its exhibits.  The parties shall file all previously-submitted documents in this case on the public docket.

The Clerk of Court is respectfully directed to unseal this action.

Dated: April 4, 2023
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE