quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7334**

WRITER'S EMAIL ADDRESS
anilmakhijani@quinnemanuel.com

**VIA ECF**

Hon. Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>Universal Entertainment Corporation et al. v. Alexander Eiseman et. al</u>, No. 23-cv-02250

Dear Judge Schofield:

  Defendants write this pre-motion to dismiss letter pursuant to Section III.C.2 of your Honor's Individual Rules for Civil Cases. Plaintiffs in this case are defendants in a pending action in Delaware Chancery Court, captioned *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd., et al.* (C.A. No. 2023-0128-JTL) and have filed this action to distract from the core legal issues in that case. At bottom, the Complaint amounts to a series of allegations that Defendant Zama induced Plaintiffs to enter into a merger agreement that was somehow a bad deal for Plaintiffs. These are nonsensical allegations given Zama is a longtime shareholder of Plaintiff Universal Entertainment Corporation and therefore had an incentive to work on a deal that benefited the company. Further, UEC's stock price increased by nearly 10% when the merger was announced.

  <u>Count I.</u> Plaintiffs allege that Zama LP and Zama LLC ("Zama") acted as an unregistered broker in performing duties under the Engagement Letters, and, therefore, the Engagement Letters are voidable under § 29(b) of the Exchange Act (the "Exchange Act"), 15 U.S.C. § 78cc. Plaintiffs' claim fails. A "broker" is "any person engaged in the business of effecting transactions in securities for the account of others." Exchange Act § 3(a)(4)(A). In the First Engagement Letter, Zama LP agreed to identify parties with which UEC might engage in a transaction. In the Second Engagement Letter, Zama LLC agreed to provide "strategy and business consulting services." None of this constitutes broker activity. *Found. Ventures, LLC v. F2G, LTD.*, 2010 WL 3187294, at *7 (S.D.N.Y. Aug. 11, 2010). Further, Plaintiffs' claim fails because "a contract can be voided under § 29(b) only where the agreement cannot be performed without violating the securities laws." *Omega Overseas, Ltd. v. Griffith*, 2014 WL 3907082, at *4 (S.D.N.Y. Aug. 7, 2014); *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 81 (S.D.N.Y. Aug. 18, 2020) ("Section 29(b) can only render[] void those contracts which by their terms violate the Act or the rules and regulations thereunder[.]"). Plaintiffs cannot demonstrate that Zama *could not* perform the services outlined in the Engagement Letters without violating the federal securities laws—and that is fatal.

  <u>Count II.</u> Plaintiffs allege that Zama LLC acted as an unregistered investment adviser in performing its duties under the Second Engagement Letter, and, therefore, the Second Engagement Letter is voidable under § 215(b) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 USC § 80b-15. Plaintiffs' claim fails. For the "Advisers Act to apply, the parties must have

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

entered into an investment advisory agreement." *Rapillo v. Fingerhut*, 2016 WL 11705140, at *10 (S.D.N.Y. Sep. 14, 2016); *see also Bogart v. Shearson Lehman Bros.*, 1993 WL 33643, at *3 (S.D.N.Y. Feb. 3, 1993) (dismissing claim under the advisors act because no allegations that there was a contract that contemplated investment advice). Here, Plaintiffs *expressly acknowledged* in the Second Engagement Letter that they were "*not relying on the advice* of Zama for … *investment [or] financial … matters* as [UEC] is seeking and will rely on the advice of its own professionals and advisors for such matters." Indeed, nothing in the Second Engagement Letter contemplates that UEC contracted with Zama LLC to provide investment advice. *See Zinn v. Parrish*, 644 F.2d 360, 363 n.3 (7th Cir. 1981) ("It is crucial to note that nothing in Zinn's contract obligated him to provide advice on securities investments."). This claim therefore fails.

**Counts IV, VI**. Plaintiffs' claim (Count IV) for breach of fiduciary duty fails because, as the Complaint acknowledges, "[t]he Engagement Letters purport to disclaim fiduciary or other duties." Compl. at 31, FN6.[1] This admission alone requires dismissal of this count. *Seippel v. Jenkens & Gilchrist, P.C.*, 341 F. Supp. 2d 363, 381-82 (S.D.N.Y. 2004) ("Because contractual disclaimers of fiduciary duty are effective in New York, no fiduciary duty can arise . . .") (*citing Cooper v. Parsky*, 140 F.3d 433 (2d Cir. 1998) (affirming dismissal of a breach of fiduciary duty claim on a motion to dismiss as a result of a contractual disclaimer)). Plaintiffs rely on *Veleron Holding, B.V. v. Morgan Stanley*, 117 F.Supp.3d 404, 452 (S.D.N.Y. 2015), which held that "where a writing erects the essential structure of an agency relationship, even an explicit disclaimer cannot undo it," but puzzlingly do not point to any "writing" in the Engagement Letters that creates such a duty.[2] Further, because Defendants owe no duties to Plaintiffs, the negligence claim (count VI) also fails. *R.M. Bacon, LLC v. Saint-Gobain*, 959 F.3d 509, 516 (2d Cir. 2020).

**Count VII.** Plaintiffs' appears to suggest that Zama committed fraud by failing to disclose its financial interest in the SPAC Sponsor, causing it to enter into an unfavorable merger. Plaintiffs' fraud claim implicates FRCP 9(b), which requires Plaintiffs to plead the "time, place, and content" of specific representations made by Zama which contained material omissions. *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 102 (S.D.N.Y. 1997). The Complaint does not do so. Further, Plaintiffs' fraud-by-omission theory requires that Plaintiffs prove, *inter alia,* that Zama: (1) had a duty to disclose its investment; and (2) Plaintiffs relied on that omission. *Id.* But Plaintiffs agreed that (1) Zama had no duty to disclose its investment positions; and (2) disclaimed reliance on Zama for advice related to the transaction. *See* Compl. Ex. A, at p. 2 (UEC "acknowledges that it is not relying on the advice of Zama" and "agrees that neither [Zama nor its affiliates] is under a duty to disclose to the Company or use on behalf of the Company any information whatsoever about or derived from those activities or to account for any revenue or profits obtained in connection with such activities.") Plaintiffs' fraud claim therefore fails.

**Count III and X**. Count III for unjust enrichment must be dismissed because "a plaintiff may not recover under . . . unjust enrichment where an enforceable contract governs the same subject matter." *Aubrey v. New Sch.*, 2022 WL 3867832, at *14 (S.D.N.Y. Aug. 30, 2022) (cleaned

---

[1] The First Engagement Letter states: "Neither this agreement nor the receipt by Zama of confidential information nor any other matter shall give rise to any fiduciary, equitable, or contractual duties … that would prevent or restrict [Zama or its affiliates] from acting on behalf of other customers or for its own account." Compl. Ex. A, at p.2.

[2] The Plaintiffs' reference to the "Commission Interpretation Regarding Standard of Conduct for Investment Advisers" is of no moment here because Zama LP was not providing investment advice pursuant to either of the Engagement Letters.

up). For the reasons outlined above, Plaintiffs have no basis to void the Engagement Letters, and therefore the unjust enrichment claim fails. Count X for breach of good faith and fair dealing also must be dismissed as duplicative of Plaintiffs' breach of contract claim (Count IX). *Alter v. Bogoricin*, 1997 WL 691332, at *7, at *20 (S.D.N.Y. Nov. 4, 1997) ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of a covenant of good faith and fair dealing has dismissed the latter claim as duplicative . . .").

**Counts VIII**. It is a well-settled "principle of New York law that no cause of action lies for civil conspiracy." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 591 (2d Cir. 2005). Therefore, a claim of conspiracy "must be dismissed if the underlying independent tort has not been adequately pleaded." *Filler v. Hanvit Bank*, 156 F. App'x 413, 418 (2d Cir. 2005). Because the tort claims must be dismissed, Count VIII also fails. Plaintiffs' conspiracy claim also fails because "[t]o maintain a civil conspiracy action, the plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Chen Gang v. Zhao Zhizhen*, 799 F. App'x 16, 19 (2d Cir. 2020). Plaintiffs' complaint pleads no such agreement. Further, with respect to the conspiracy count (and counts III and V), there are no allegations that Littlejohn shared information he received from Mr. Takeuchi or even attended the September 26, 2022 meeting.

**Count V**. "To sustain a claim for aiding and abetting breach of fiduciary duty, a plaintiff must allege: (1) a breach of fiduciary duty; (2) knowledge of the breach by the aider and abettor; (3) substantial assistance by the aider and abettor in achieving the breach; and (4) that plaintiff suffered damage as a result of the breach." *Melwani v. Lipton*, 2023 WL 1991423, at *5 (S.D.N.Y. Feb. 14, 2023). Therefore Plaintiffs must plead that (1) Mr. Takeuchi has already breached his fiduciary duties; and (2) the Defendants had actual knowledge of the breach.[3] The Complaint contains no such non-conclusory allegations. At best, the Complaint alleges that the Mr. Takeuchi "worked . . . to close the transaction" and "convince[d] the UEC Board to extend the Termination Date" of the merger agreement, Compl. at ¶189, all covered by the business judgment rule and therefore hardly reaching to the level of "actual knowledge" of a breach of foreign law.[4]

**Count IX**. Count IX alleges that Zama breached its contracts by sharing confidential information. But the Engagement Letters permit Zama to share confidential information with third parties who have "signed a confidentiality agreement or obligation with Zama." Plaintiffs do not allege Zama shared information with anyone who has not signed such an agreement, and therefore this claim should be dismissed. *Golub Cap. LLC v. NB Alternatives Advisers LLC*, 2022 WL 540653, at *13 (S.D.N.Y. Feb. 22, 2022) ("Plaintiff has not alleged that [Defendant] did anything it was not allowed to do under the NDA").

**Count XI**. Count XI claims that Zama acted with "gross negligence" and "willful misconduct." But Plaintiffs do not allege that Zama failed to perform its actual contracted responsibilities, as requested by UEC, in a competent manner. Therefore this count fails.

**Briefing Schedule**. Defendants respectfully request that the Court order the following briefing schedule: (1) motion to dismiss to be filed on June 2, 2023; (2) opposition brief (if any) to be filed on June 30, 2023; and (3) reply brief (if any) to be filed on July 14, 2023.

---

[3] The Complaint also appears to suggest that Mr. Eiseman and Mr. Littlejohn conspired with and aided abetted the Zama entities. It is black letter law that officers/employees/agents of a company cannot conspire or aid and abet with the company. *See, e.g., Hartline v. Gallo*, 546 F.3d 95, 99 n.3 (2d Cir. 2008).

[4]  Plaintiffs also provided no notice under F.R.C.P. 44.1.

3

Respectfully submitted,

 */s/ Anil Makijani*

Anil Makhijani