May 10, 2023

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Universal Entertainment Corp. et al. v. Alexander Eiseman, et al.*, No. 23-cv-02250

Dear Judge Schofield:

      The parties submit this joint letter in response to the Court's April 10, 2023 Order and provide the below responses to the Court's inquiries:[1]

    (1) *A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion;*

      **Plaintiffs**: Plaintiff Universal Entertainment Corporation ("UEC") is a Japanese corporation that, through two separate engagement letters (the "Engagement Letters"), retained Defendants Zama Capital Advisors LP ("Zama LP") and Zama Capital Strategy Advisors LLC ("Zama LLC") in connection with a potential transaction involving a special purpose acquisition company (the "SPAC Transaction"). After UEC conducted an investigation regarding Defendants' conduct, UEC and the other Plaintiffs determined to assert claims against Zama LLC, Zama LP, certain of their affiliates, their principal Alexander Eiseman, and their independent contractor, Christian Littlejohn. Plaintiffs allege, among other things, that certain engagement letters involving Zama LP and Zama LLC violated federal securities laws, including that Eiseman and one or more of the Zama Defendants acted as a broker without being registered with the United States Securities and Exchange Commission, and that Defendants' other actions, including their failure to disclose to Plaintiffs that one or more Defendants held the majority of the economic interest in the counterparty against whom Plaintiffs were negotiating the SPAC Transaction, were breaches of obligations owed to Plaintiffs.

      **Defendants:** Defendant Zama is a New York-based investment firm and activist investor. Zama is a long-time investor in UEC and has believed that the key to unlocking value in UEC is to have its largest asset—the Okada Manila casino in the Philippines—listed on a US Stock Exchange. UEC requested Defendant Zama assist it in identifying SPACs to transact with and, as a result, the parties signed an engagement letter. Zama did not request compensation for the engagement and instead disclosed to UEC that it intended to participate in the SPAC. After Zama

---

[1] Certain portions of this letter contain separate statements by Plaintiffs and Defendants. The parties do not adopt, and expressly deny, the allegations contained in the other parties' submission and reserve all rights relating thereto.

successfully introduced Plaintiffs to a SPAC, the SPAC and Plaintiffs negotiated and signed a merger agreement. Plaintiffs are currently trying to avoid performing under the merger agreement with the SPAC in an ongoing litigation in Delaware Chancery Court. *See 26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd., et al.* (C.A. No. 2023-0128-JTL). Defendants are not a party to that action. Even though the merger agreement is in the best interest of UEC shareholders, this litigation against Zama (which claims UEC was defrauded) is being orchestrated by two executives (Hans Van Der Sande and Byron Yip) because, *inter alia*, (1) they became angry that the SPAC would not meet their personal multi-million dollar compensation demands; and (2) Zama notified UEC that Messrs. Yip and Van Der Sande were engaged in various unlawful activities (including, but not limited to, unlawful broker-dealer activity), in breach of their fiduciary duties. Defendants deny that (1) they have breached any federal securities laws or contracts; (2) the engagement letters created duties (fiduciary or otherwise) or obligations to provide investment advice to UEC; or (3) that they engaged in any wrongdoing. To the extent this case is not entirely dismissed on the motion to dismiss, Defendants intend to file counterclaims against Plaintiffs, certain of their officers (e.g., Messrs. Van Der Sande and Yip) and agents who have facilitated Plaintiffs' breaches of their contracts and duties.

> (2) *A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes;*

This Court has subject matter jurisdiction over this action pursuant to Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78aa, Section 214 of the Investment Advisers Act of 1940 (the "Investment Advisers Act"), 15 U.S.C. § 80b–14, and 28 U.S.C. § 1331, as Plaintiffs allege violations of the Exchange Act and Investment Advisers Act. This Court has supplemental jurisdiction over Plaintiffs' other claims. 28 U.S.C. § 1367.

> (3) *In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction, including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;*

This is not a diversity case.

> (4) *A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference;*

As detailed in their May 2, 2023 Pre-Motion to Dismiss Letter, Defendants intend to file a motion to dismiss Plaintiffs' Amended Complaint. (ECF No. 36.)

(5) *A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));*

No discovery has taken place in this action. Plaintiffs intend to take discovery related to, among other things, the work Defendants performed in connection with the SPAC Transaction (including communications with third parties), the Defendants' interests in the SPAC Transaction and any other undisclosed interests, and the negotiation of the relevant engagement letters between UEC and Zama LP and Zama LLC.

Plaintiffs have served five identical subpoenas, each including over 50 document requests in *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd., et al.* (C.A. No. 2023-0128-JTL) (the "26 Capital Litigation"). In connection with those subpoenas, Defendants have produced more than 12,000 documents to Plaintiffs. The Parties expect that there will be substantial overlap between files produced in discovery in the 26 Capital Litigation—including the documents produced by Defendants here, to date—and in this action.

(6) *A computation of each category of damages claimed, see Fed. R. Civ. P. 26(a)(1)(A)(iii);*

**Plaintiffs**: Plaintiffs seek an award of $2.5 million in damages to recoup the compensation and other monies paid to Defendants by Plaintiffs and their affiliated entities for services performed pursuant to the engagement letter between UEC and Zama LLC. Plaintiffs also seek a Court order that Defendants disgorge and forfeit all compensation and other monies paid to them by Plaintiffs and their affiliated entities in the period of Defendants' disloyal conduct. Finally, Plaintiffs request that the Court award Plaintiffs its costs of suit, including reasonable attorneys' fees and expenses. These costs are ongoing.

**Defendants:** As noted above, if this case is not fully dismissed, Defendants intend to file counterclaims against Plaintiffs and certain of their officers (including Hans Van Der Sande and Byron Yip) and agents. Defendants will provide disclosures on damages if and when it files those counterclaims.

(7) *A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and*

The Parties do not believe a settlement conference would be productive at this time.

(8) *Any other information that the parties believe may assist this Court in resolving the action.*

Attached hereto is a joint Proposed Civil Case Management Plan and Scheduling Order. The parties disagree as to whether plaintiffs are entitled to a jury trial and are attempting to resolve the issue.

                                                    Respectfully submitted,

Dated: May 10, 2023                          By: */s/ Jed M. Schwartz*
New York, New York                     Daniel M. Perry
                                                   Grant R. Mainland
                                                   Jed M. Schwartz
                                                  Andrew L. Porter
                                                  MILBANK LLP
                                                  55 Hudson Yards
                                                  New York, New York 10001-2163
                                                  dperry@milbank.com
                                                  gmainland@milbank.com
                                                  jschwartz@milbank.com
                                                  aporter@milbank.com

                                                  *Attorneys for Plaintiffs*


                                               By: */s/ Anil Makhijani*
                                                  Anil Makhijani
                                                  Quinn Emanuel Urquhart & Sullivan, LLP
                                                  51 Madison Avenue
                                                  New York, New York 10010

                                                  *Attorney for Defendants*

# ATTACHMENT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
Universal Entertainment Corporation, UE Resorts International, Inc. f/k/a Okada Manila International, Inc. and Tiger Resort, Leisure and Entertainment, Inc.

:
:
:
:
                                        Plaintiff(s),                                  :           23  Civ.   2250    (LGS)
                -v-                                                                         :
                                                                                                  :           CIVIL CASE
Alexander Eiseman, Zama Capital Advisors LP, Zama Capital   :   MANAGEMENT PLAN AND
Strategy Advisors LLC, Zama Capital Master Fund, LP, John        SCHEDULING ORDER
Doe Entity 1, and Christian Littlejohn
                                        Defendant(s).                                  :
                                                                                                   :
----------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. *See* 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a.     An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No __X__]

    b.     A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
[Yes _____ / No __X__]

    c.     A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield
[Yes _____ / No __X__]

        d.        A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act?  https://nysd.uscourts.gov/hon-lorna-g-schofield.
[Yes _____ / No ___X___]

4.        Alternative Dispute Resolution/Settlement

        a.        Settlement discussions [have _____ / have not __X__] taken place.

        b.        Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

        _____
        _____
        _____

        c.        Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

        _____
        _____
        _____

        d.        Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        _____
        _____
        _____

        e.        **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.        No additional parties may be joined after __Jan. 30, 2024__ without leave of Court.

6.        Amended pleadings may be filed without leave of Court until __May 30, 2023__.

7.        Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ____20____ days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.        Fact Discovery

    a.    All fact discovery shall be completed no later than   February 29, 2024  .
*[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by   May 25, 2023  .

    c.    Responsive documents shall be produced by   Nov. 30, 2023  .
Do the parties anticipate e-discovery?  [Yes   X   / No     ]

    d.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by   Oct. 31, 2023  .

    e.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by   Feb. 29, 2024  .

    f.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by   Oct. 31, 2023  .

    g.    **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:

        Philippine law experts.

    b.    If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than   April 14, 2024  .
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

    c.    If you have identified types of experts in question 9(a), by          *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is      / is not     ] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is \_\_\_\_\_One Week_____.

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    _____
    _____
    _____
    _____
    _____
    _____
    _____

13. Status Letters and Conferences

    a. By \_\_\_July 24, 2023_____ *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By \_\_\_March 14, 2024_____ *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On _____ at _____A.M. *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

        i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

        ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar**. The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

SO ORDERED.

Dated: _____
   New York, New York

_____
LORNA G. SCHOFIELD
United States District Judge

Counsel for the Parties:

| /s Anil Makhijani | /s Jed M. Schwartz |
|---|---|
| Anil Makhijani | Daniel Mumford Perry |
|  | Grant Richard Mainland |
|  | Jed Mastren Schwartz |
|  | Andrew Leighton Porter |
| *For Defendants* | *For Plaintiffs* |