**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNIVERSAL ENTERTAINMENT CORPORATION, UE RESORTS INTERNATIONAL, INC. f/k/a OKADA MANILA INTERNATIONAL, INC. and TIGER RESORT, LEISURE AND ENTERTAINMENT, INC.<br><br>Plaintiffs,<br><br>v.<br><br>ALEXANDER EISEMAN, ZAMA CAPITAL ADVISORS LP, ZAMA CAPITAL STRATEGY ADVISORS LLC, ZAMA CAPITAL MASTER FUND, LP, JOHN DOE ENTITY 1, and CHRISTIAN LITTLEJOHN,<br><br>Defendants. | No. 23 Civ. 2250 (LGS) |

**STIPULATION AND [~~PROPOSED~~] ORDER FOR THE**
**PRODUCTION AND EXCHANGE OF CONFIDENTIAL**
**AND HIGHLY CONFIDENTIAL INFORMATION**

WHEREAS, the parties to the above-captioned action (the "Litigation") will engage in discovery proceedings, which may include, among other things, producing documents, responding to written discovery requests, and taking depositions and

WHEREAS, those discovery proceedings may involve the production of certain information that one or more of the parties to the Litigation (collectively the "Parties," and each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and Order for the Production and Exchange of Confidential and Highly Confidential Information (the "Stipulation") will govern the handling of documents,

deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admissions, and responses to requests for documents and electronically stored information, and any other information or material produced, given or exchanged, whether voluntarily, as required by the Federal Rules of Civil Procedure, or in response to a request made pursuant to such Rules, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.   Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such Producing Party in good faith and reasonably believes that such Discovery Material contains nonpublic, confidential, personal, business, strategic, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Stipulation if such Producing Party in good faith and reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 6 of this Stipulation is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

2.   The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall be made in the following manner:

a.   In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or Highly Confidential Discovery Material, except that in the case of multi-page documents bound together by staple or other permanent binding, the word "Confidential" or "Highly Confidential" need only be stamped on the first page

of the document in order for the entire document to be treated in accordance with its designation; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, DVD flash drive) as applicable.

b. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within twenty (20) days of receipt of the final transcript designating the entire transcript or portions thereof; provided that only those portions of the transcript designated as Confidential or Highly Confidential Discovery Material shall be deemed Confidential or Highly Confidential Discovery Material. All depositions and other pretrial testimony will be deemed to be Highly Confidential Discovery Material until the expiration of the 20th day after counsel receive a copy of the final transcript, after which such deposition and other pretrial testimony will be treated in accordance with its confidentiality designation, if any. The Parties may modify this procedure for any deposition or other pretrial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

c. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, as applicable.

3.    The designation of Discovery Material as Confidential or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party (for Plaintiffs, including by an attorney in *26 Capital Acquisition Corp. v. Tiger Resort Asia Ltd.*, *et al.* (C.A. No. 2023-0128-JTL) (the

"Delaware Litigation")) making the designation, and that there is a good faith basis for such designation.

4.   Inadvertent failure to designate Discovery Material as Confidential or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected promptly upon discovery of such failure. A Producing Party may designate as "Confidential" or "Highly Confidential" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential Discovery Material, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. The Party making the designation shall mark and replace previously supplied Discovery Material. Upon receiving notice of the inadvertent failure to designate, the Parties shall thereafter treat the Discovery Material so designated as Confidential or Highly Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material before its designation as Confidential or Highly Confidential Discovery Material shall exercise its best efforts to ensure (i) the return or destruction of such Discovery Material by any person not authorized to receive the Confidential or Highly Confidential Discovery Material under the terms of this Stipulation, (ii) that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had

been designated as Confidential or Highly Confidential Discovery Material when originally produced, (iii) that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation, and (iv) that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Stipulation.

5.  Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Stipulation:

a.  The Parties and the directors, officers, general partners, limited partners, managers, members, and employees of the Parties who are assisting with or making decisions concerning the litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation;

b.  Counsel who represent Parties in this Litigation or, for Plaintiffs, the Delaware Litigation (including in-house counsel), and the partners, counsel, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

c.  Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

d.  Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this Litigation;

e. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

f. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Confidential Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.   Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in connection with the Litigation and in accordance with this Stipulation:

a. Counsel who represent Parties in this Litigation or, for Plaintiffs, the Delaware Litigation (including in-house counsel), and the partners, counsel associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation;

b. Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees,

and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

      c. Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony or to prepare and submit declarations or affidavits in this Litigation;

      d. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, (or indicated as a blind copy recipient in such document/communication's metadata); any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party; or, in the case of meeting minutes and presentations, an attendee of the meeting;

      e. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

      f. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Highly Confidential Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.   Subject to Paragraph 22, to the extent that testimony is sought concerning Confidential or Highly Confidential Discovery Material during any deposition or in any other pretrial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8.    Notwithstanding Paragraph 5(C) and 6(B), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to (aside from expert services provided in connection with this Litigation), any Party or any known Competitor (as defined below) or potential transaction counterparty of the Producing Party designating the Confidential or Highly Confidential Discovery Material, as far as the expert or consultant can reasonably determine, and (ii) is using said Confidential or Highly Confidential Discovery Material pursuant to the terms of this Stipulation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before provision of the Confidential or Highly Confidential Material to such expert or consultant. Under no circumstances shall an expert or consultant who is a Competitor of the Producing Party, or who is providing services to any of the foregoing, be provided access to Confidential or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities engaged in the same or similar lines of business as the Producing Party.

9.    Notwithstanding Paragraph 5(D) and 6(C), Confidential or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) such persons confirm their understanding and agreement to abide by the terms of this Stipulation by making such a

statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Stipulation. Counsel for the Party showing Confidential or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining and retaining such signed undertaking before the provision of such Confidential or Highly Confidential Discovery Material to such person.

10. Confidential or Highly Confidential Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose; provided, however, that the foregoing shall not apply to Confidential or Highly Confidential Discovery Material that is or properly becomes part of the public record; and further provided that the restrictions on the use of Confidential Discovery Material may be modified for good cause shown.

11. Every person to whom Confidential or Highly Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential or Highly Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

12. With the exception of sensitive information described in Federal Rule of Civil Procedure 5.2, which may be redacted from public court filings without seeking prior permission

from the Court, any pleading, brief, memorandum, motion, letter, affidavit, exhibit or other document filed with the Court that discloses, summarizes, describes, characterizes, includes or attaches or otherwise communicates Confidential or Highly Confidential Discovery Material (a "Confidential Filing") must be filed confidentially and not available for public access ("Confidential Treatment") in accordance with and only as provided by Judge Schofield's Rule I.D.3.

13.   During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material as Confidential or Highly Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such a motion is pending, the Discovery Material in question shall be treated as Confidential or Highly Confidential Discovery Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential or Highly Confidential Discovery Material, which burden remains on the Producing Party that designates such Discovery Material as Confidential or Highly Confidential Discovery Material.

14.   The Parties reserve the right to apply, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation. The Parties agree to meet and confer in good faith prior to moving the Court for any modifications or additional safeguards.

15.   Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material (regardless of confidentiality designation, if any) or otherwise complying with the terms of this Stipulation, shall not:

a.  Prejudice in any way the rights of any Party to (i) seek production of documents or information the Party considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

b.  Operate as an admission by any Party that any Discovery Material constitutes Confidential or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

c.  Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material (regardless of confidentiality designation, if any) should be subject to the terms of this Stipulation;

d.  Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any Discovery Material;

e.  Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

f.  Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege immunity or protection.

16.  This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Confidential or Highly Confidential Discovery Material;

or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17.  Pursuant to Federal Rule of Evidence 502(d), if Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity; provided further:

a. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

b. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and

all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; and may retain a copy of the material on an attorney's-eyes-only basis for the purpose of bringing such a motion; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

d. This Stipulation shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

18.  Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19.  In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be bound fully by this Stipulation.

20.  The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

21.  The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of

the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 22.

22.  In the event that any Confidential or Highly Confidential Discovery Material is used in open court during any court proceeding or lodged as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential or Highly Confidential Discovery Material is to be used, counsel for the Parties shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Confidential or Highly Confidential Discovery Material.

23.  Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential or Highly Confidential Discovery Material, subject to applicable law, shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all Confidential or Highly Confidential Discovery Material, and if so requested, to certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Highly Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers,

correspondence, pleadings, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential or Highly Confidential Discovery Material), to any person except pursuant to a court order, agreement by the Producing Party, or as otherwise required by law. For purposes of this Paragraph, good faith reasonable efforts to return or destroy material need not include destroying Discovery Material residing on back-up tapes or other disaster recovery systems, so long as the person who has received such Discovery Material maintains the confidentiality of such material. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

24. If any person subject to this Stipulation and in possession of Confidential or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential or Highly Confidential Discovery Material produced or designated by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three (3) business days of receipt of such Demand (or if a response to the Demand is due in less than three (3) business days, at least twenty-four (24) hours prior to the deadline for a response to the Demand), identifying the Confidential or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential or Highly Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential or Highly Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order,

or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential or Highly Confidential Discovery Material will not constitute a violation of this Stipulation.

25.  No Receiver shall reveal any Confidential or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential or Highly Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential or Highly Confidential Discovery Material by each unauthorized person who receives the information. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation.

26.  To the extent of any conflict between this Stipulation and the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or the Court's Individual Rules and Procedures for Civil Cases (collectively, the "Applicable Rules"), the Applicable Rules shall control.

27. This Stipulation, and any dispute arising out of or relating in any way to this Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in

accordance with the laws of the State of New York, without regard to conflict of laws principles. Each of the Parties (i) irrevocably submits to the personal jurisdiction of any state or federal court sitting in the State of New York, as well as to the jurisdiction of all courts to which an appeal may be taken from such courts, in any suit, action, or proceeding arising out of or relating to this Stipulation, (ii) agrees that all claims in respect of such suit, action, or proceeding shall be brought, heard, and determined exclusively in the United States District Court for the Southern District of New York (provided that, in the event that subject matter jurisdiction is unavailable in that court, then all such claims shall be brought, heard, and determined exclusively in any other state or federal court sitting in the State of New York), (iii) agrees that it shall not attempt to deny or defeat such personal jurisdiction by motion or other request for leave from such court, (iv) agrees not to bring any suit, action, or proceeding arising out of or relating to this Stipulation in any other court, and (v) expressly waives, and agrees not to plead or to make any claim that any such suit, action, or proceeding is subject (in whole or in part) to a jury trial. Each of the Parties waives any defense of inconvenient forum to the maintenance of any suit, action, or proceeding brought in accordance with this Paragraph. Each of the Parties further agrees to waive any bond, surety, or other security that might be required of any other party with respect to any suit, action, or proceeding, including, without limitation, an appeal thereof. Each of the Parties further consents and agrees that process in any suit, action, or proceeding may be served on such Party by certified mail, return receipt requested, addressed to such Party or such Party's registered agent in the state of its incorporation or organization, or in any other manner provided by law.

28.   The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as Confidential or Highly Confidential Discovery Material.

Dated: June 8, 2023
New York, New York

- 17 -

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

MILBANK LLP

By: */s/ Jed M. Schwartz*
Daniel M. Perry
Grant R. Mainland
Jed M. Schwartz
Andrew L. Porter
55 Hudson Yards
New York, New York 10001-2163
dperry@milbank.com
gmainland@milbank.com
jschwartz@milbank.com
aporter@milbank.com

*Attorneys for Plaintiffs*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Anil Makhijani*
Anil Makhijani
51 Madison Avenue
New York, New York 10010

*Attorney for Defendants*