UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                                                                          :

UNIVERSAL ENTERTAINMENT CORP., et al.,:
                                      Plaintiffs,  :
                                                    :          23 Civ. 2250 (LGS)
                -against-                  :
                                                    :              **ORDER**
ALEXANDER EISEMAN, et al.,              :
                                     Defendants.  :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, the Civil Case Management Plan and Scheduling Order dated May 25, 2023, required fact discovery to be completed by September 22, 2023.  A Stipulation and Order for the Production and Exchange of Confidential and Highly Confidential Information dated June 8, 2023, (the "Protective Order"), allowed the parties to designate as confidential documents produced in discovery containing sensitive information.

       WHEREAS, on August 15, 2023, Plaintiffs requested to extend the discovery deadline. An Order dated August 16, 2023, granted Plaintiffs' request and extended the discovery deadline to December 22, 2023.

       WHEREAS, on November 16, 2023, Defendants submitted a letter requesting a pre-motion discovery conference regarding a discovery dispute between the parties.  Defendants also filed a motion to seal Exhibits A-G to the pre-motion letter, which were documents from Defendants' productions.  The motion to seal stated that the Exhibits were governed by the Protective Order but stated that Defendants "d[id] not believe such documents should remain sealed."

       WHEREAS, an Order dated November 17, 2023, directed Plaintiffs to file a response to Defendants' motion to seal by December 8, 2023.  A separate Order dated the same day directed

the parties to meet and confer regarding the discovery dispute and directed Plaintiffs to respond to Defendants' pre-motion letter by November 29, 2023.

WHEREAS, on November 28, 2023, prior to the deadline for Plaintiffs to respond to Defendants' pre-motion letter and prior to a ruling on the conference request, Plaintiffs voluntarily dismissed this action without prejudice.  An Order dated November 30, 2023, directed Plaintiffs to file a letter requesting to maintain the Exhibits under seal by December 8, 2023.  December 8, 2023, Plaintiffs filed the required letter.  Defendants have not filed further briefing on the motion to seal.

WHEREAS, a three-step inquiry determines whether to seal a document.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022).  The first question is whether the document is "a judicial document subject to the [presumed] right of public access."  *Lugosch*, 435 F.3d at 119.[1]  If the document is not a judicial document, no right attaches, and the document should remain under seal.  *See id.*

WHEREAS, "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access."  *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995); *accord Olson*, 29 F.4th at 88.  Instead, the document must be "relevant to the performance of the judicial function and useful in the judicial process."  *Lugosch*, 435 F.3d at 119.  A document is "relevant to the performance of the judicial function if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

whether the document ultimately in fact influences the court's decision." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).

WHEREAS, a determination of whether a record is a judicial document turns on the nature of court authority invoked by the parties.  *See Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139 (2d Cir. 2016) ("In determining whether a document is a judicial record, we evaluate the relevance of the document's specific contents to the nature of the proceeding and the degree to which access to the [document] would materially assist the public in understanding the issues before the . . . court.").  For example, motions submitted to the court "at least on their face, call upon the court to exercise its Article III powers." *Brown*, 929 F.3d at 50.

WHEREAS, "the modern trend in federal cases is to classify pleadings in civil litigation (*other than discovery motions and accompanying exhibits*) as judicial records." *Bernstein*, 814 F.3d at 140 (emphases added).  Exhibits are judicial documents "only if they are *currently* relevant to the judicial function, regardless of whether they could later become relevant." *Civ. Rts. Corps v. Pestana*, No. 21 Civ. 9128, 2022 WL 220020, at *3 (S.D.N.Y. Jan. 25, 2022); *see also United States v. HSBC Bank, N.A.*, 863 F.3d 125, 140 (2d Cir. 2017) (rejecting "the proposition that if a filed document *could* later become relevant to the judicial function, then it *is* relevant to the judicial function").  Judicial power "can only exist in the context of real disputes between parties before the Court, i.e., situations in which the courts are capable of determining litigants' substantive rights." *Giuffre v. Maxwell*, No. 15 Civ. 7433, 2020 WL 133570, at *2 (S.D.N.Y. Jan. 13, 2020).

WHEREAS, no motion was filed requiring a determination of the parties' substantive rights.  The Exhibits were filed in relation to a letter requesting a pre-motion discovery

3

conference.  Defendants' letter served "to inform the Court of a discovery dispute between the parties and request a pre-motion conference."  Although the letter stated that "Defendants seek to bring a motion to compel the production of documents," that motion was never filed due to the intervening dismissal of this action.  "[T]here was never, and now never can be, a judicial decision-making process that would trigger the public's right to access the undecided motions and the documents relevant to them."  *Id*.

WHEREAS, because the documents at issue are exhibits to an unadjudicated motion in a case that has been resolved, they are not "judicial document[s] subject to the [presumed] right of public access."  *Lugosch*, 435 F.3d at 119.  It is hereby

**ORDERED** that the motion to seal is **GRANTED**.  The materials at Dkt. No. 68 shall remain under seal.

Dated: May 31, 2024
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4